**MORGAN MELHUISH ABRUTYN**

651 W. Mt. Pleasant Avenue
Suite 200
Livingston, N.J. 07039
Tel:    (973) 994-2500
Fax:    (973) 994-3375
E-mail: SEapen@morganlawfirm.com
Counsel for Defendant, Greenlight Auto Protection, LLC
Our File No.: GMF 35-062 U EA/SME

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>              Plaintiff,<br><br>-vs-<br><br>ENTERPRISE FINANCIAL GROUP, INC.,<br>GREENLIGHT AUTO PROTECTION, LLC,<br>DOES' (1-5) and ABC CORPORATIONS' (1-5), each acting individually, in concert or as a group, | Civil Action No.: |

## NOTICE OF REMOVAL

Defendant Greenlight Auto Protection, LLC ("Defendant" or "Greenlight") pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and with full reservation of all defenses, hereby removes this action from the Superior Court of New Jersey, Bergen County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states the following:

{01040070}                            22711053v1

## Background

1.      On April 17, 2015 Plaintiff Richard Zelma ("Plaintiff") commenced this lawsuit against Defendants Enterprise Financial Group, Inc. ("EFG"), Greenlight (EFG and Greenlight are sometimes collectively referred to herein as "Defendants"), Does (1-5) and ABC Corporation  in the Superior Court of New Jersey, Bergen County, with the above caption and with Docket Number BER-L-003482-15. Copies of the docket, Summons and Complaint are attached hereto as Composite Exhibit 1. Greenlight was served with the Summons and Complaint on May 19, 2015. The Complaint, which contains three (3) counts, alleges claims against Defendants Greenlight and EFG for monetary damages and injunctive relief for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Compl. ¶ 43-60) and the New Jersey Consumer Fraud Act (Compl. ¶¶ 61-71). Plaintiff contends he received eight (8) unsolicited and prerecorded marketing calls from Defendants.

2.      Plaintiff maintains he is entitled to statutory damages under 47 U.S.C. § 227(b)(1)(A)(iii), trebled damages under 47 U.S.C. § 227(b)(3)(C), damages under N.J.S.A. § 56:8-130(a), permanent injunctive relief under 47 U.S.C. § 227(b)(3)(A), and attorneys' fees, if applicable. In his Complaint, Plaintiff specifically waived the right to any award in excess of $74,500.00.

{01040070}                              2

**Basis for Jurisdiction.**

3.      This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331, 1367 and 1441. This action for monetary damages and injunctive relief could have been filed originally in this Court pursuant to 28 U.S.C. § 1331 which provides that federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. Indeed, 28 U.S.C. § 1441(a) permits a defendant to remove a civil action filed in state court to federal court if the action could have been brought in federal court originally. *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2366 (2005).

4.      In *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012), the Supreme Court, in a unanimous decision, held that federal courts have subject matter jurisdiction over claims alleging violations of the TCPA; *see also Landsman & Funk PC v. Skinder-Strauss Associates*, No. 09-3105, 2012 WL 2052685, at *1 (3d Cir. Apr. 17, 2012).

5.      Furthermore, because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, it also has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claim brought under the New Jersey Consumer Fraud Act because the claim is so related to the TCPA claims

within the Court's original jurisdiction that they form part of the same case or controversy. Indeed, when state and federal claims are merely alternative theories of recovery based on the same alleged acts, district courts should exercise supplemental jurisdiction over the state law claims. *See Letino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 479 (3d Cir. 1979).

**Pleadings and Process.**

6.     As required by 28 U.S.C. § 1446(a), Greenlight has attached to this Notice of Removal copies of all state court process and pleadings served on Greenlight (*i.e.*, the Summons and Complaint). *See* Composite Exhibit 1.

**Notice Given.**

7.     Written notice of the filing of the Notice of Removal will be promptly served on the *pro se* Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court of Bergen County, New Jersey, pursuant to 28 U.S.C. § 1446(d).  A copy of the proposed Notice of Filing Notice of Removal *sans exhibit* is attached as Exhibit 2.

**Removal is Timely Filed.**

8.     This Notice has been timely filed within thirty (30) days of service of process of the Complaint and Summons on Greenlight, as allowed by 28 U.S.C. § 1446(b). Indeed, Greenlight was served with a copy of the Summons and the

Complaint on May 19, 2015 which is within thirty (30) days of the filing of this Notice of Removal.

**Rule of Unanimity.**

9.      The rule of unanimity requires that in order for a notice of removal to be properly before the Court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or consent to the removal. Defendants Greenlight and EFG are the only two (2) Defendants that have been served in this action, and EFG has consented to this Notice of Removal. A copy of EFG's Consent to Removal is attached hereto as Exhibit 3.   With respect to Defendants Does (1-5) and ABC Corporations, the unanimity rule is inapplicable as they are unknown defendants. *See Granovsky v. Pfizer*, 631 F.Supp.2d 554, 559 (D.N.J. 2009) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party or (2) where a defendant has been fraudulently joined.").

**Venue.**

10.      Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Superior Court of Bergen County, New Jersey, which is included in the District of New Jersey, Newark Vicinage.

**Non-Waiver of Defenses.**

11.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Greenlight's  right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ACCORDINGLY**, this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, and Defendant Greenlight Auto Protection, LLC hereby removes this action from the Superior Court of Bergen County, New Jersey, to this Court.

Dated:      June 8, 2015

s/Shaji M. Eapen, Esq.

## CERTIFICATE OF SERVICE

I, Shaji M. Eapen, Esq., hereby certify that on June 8, 2015, the foregoing Notice of Removal and all exhibits attached thereto, were served via electronic filing with the U.S. District Court for the District of New Jersey, Newark Vicinage and via Federal Express and electronic mail upon *pro se* Plaintiff Richard Zelma, 940 Blanch Avenue, Norwood, NJ 07648, TCPALAW@optonline.net.

s/Shaji M. Eapen, Esq.
**MORGAN MELHUISH ABRUTYN**
651 W. Mt. Pleasant Avenue, Suite 200
Livingston, N.J. 07039
Tel: (973) 994-2500
Fax: (973) 994-3375
E-mail: SEapen@morganlawfirm.com
*Counsel for Defendant Greenlight Auto Protection, LLC*





ACMS Public Access: Case Document List

                                              **Page: 1**

**END OF LIST**

| VENUE | : BERGEN | COURT : LAW CVL | DOCKET #: L  003482  15 |
|---|---|---|---|
| CASE TITLE | : ZELMA VS ENTERPRISE FINANCIAL GROUP | | |

| SEL | DATE FILED | | | DOC NUM | DOCUMENT TYPE | NON CONF | FILING/TARGET PARTY NAME | ATTORNEY NAME | | MUL PTY | DOC STA |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ | 04 | 10 | 2015 | 001 | COMPLAINT | | ZELMA | PRO | SE | | N |

Screen ID:CVM1023 Copyrighted © 2012 - New Jersey Judiciary
Session ID: YTCNDF Case Count: 1
BUILD 2012.1.0.02.09 Timer Count down: 277

**EXHIBIT 1**

Attorney *in fact*:
Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648

Tel: 201 767 8153
Attorney for *SELF*

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY

## LAW DIVISION

Richard M. Zelma
Plaintiff
Vs.

Docket No. BER–L–003482–15

ENTERPRISE FINANCIAL GROUP, INC
And
GREENLIGHT AUTO PROTECTION LLC

CIVIL ACTION

## SUMMONS *emendatum*

Defendant(s)

𝔉𝔯𝔬𝔪 𝔗𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔑𝔢𝔴 𝔍𝔢𝔯𝔰𝔢𝔶 To The Defendant(s) Named Above:
The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **20** days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Michelle M. Smith
Clerk of the Superior Court

**ORIGINAL ISSUE DATE: April 17, 2015, AMENDED; MAY 14, 2015**

SERVE: ENTERPRISE FINANCIAL GROUP. % National Registered Agents, Inc. of NV, 311 S. Division St, Carson City NV 89703.

SERVE: GREENLIGHT AUTO PROTECTION LLC, % Registered Agents Inc, 117 South Lexington Street, STE 100, Harrisonville, MO 64701

Revised 09/01/2010, CN 10792-English (Appendix XII-A)

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if Information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Richard M. Zelma | (201) 767-8153 | Bergen |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| N/A | BER-L-003482 15 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 940 Blanch Avenue<br>Norwood NJ 07648 | Complaint |
| | 8. JURY DEMAND ☐ YES ■ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Richard M. Zelma<br>Plaintiff | Zelma vs. Enterprise Financial Group Inc., Joseph Walski,  and Greenlight Auto Protection LLC. |

| 11. CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>699 Tort | 12. HURRICANE SANDY RELATED?<br>☐ YES  ■ NO | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|

| 14. RELATED CASES PENDING?<br>☐ YES  ■ No | 15. IF YES, LIST DOCKET NUMBERS |
|---|---|

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ■ No | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY  (if known)<br>☐ NONE<br>■ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ■ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES  ■ No |
|---|

| 20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
|---|
| |

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ■ No | IF YES, PLEASE IDENTIFY THE  REQUESTED ACCOMMODATION |
|---|---|
| 22. WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ■ No | IF YES, FOR WHAT LANGUAGE? |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE:

CN 10517_pg/ English, Effective 08-19-2013

Page 4 of 5



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE -- PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT -- OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | |
|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288  PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289  REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290  POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291  PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292  PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293  DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295  ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296  STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297  MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601  ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623  PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category [ ] Putative Class Action   [ ] Title 59

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                      DATE:   APRIL 14, 2015
                      RE:     ZELMA VS ENTERPRISE FINANCIAL GROUP
                      DOCKET: BER L -003482 15

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON CHARLES E. POWERS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                      ATTENTION:

                                 RICHARD M. ZELMA
                                 940 BLANCH AVENUE
                                 NORWOOD           NJ 07648


JUBCOS0
```

PARKING NOTICE
Through July 31, 2015
Visitors to the Justice Center are
directed to the Lot located at
150 River St., Hackensack.
Regular shuttles round trip
available from 7:30 am to 7:00 pm

SUPERIOR COURT BERGEN COUNTY
**FILED**

APR 10 2015

*[signature]*
DEPUTY CLERK

1 | RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
2 | 940 Blanch Avenue
Norwood, New Jersey 07648
3 | TCPALAW@optonline.net
Tel: 201 767 8153
4 |

| | |
|---|---|
| Richard M. Zelma<br>Plaintiff<br>Vs.<br>ENTERPRISE FINANCIAL GROUP,<br>a Texas Corporation<br>and<br>GREENLIGHT AUTO PROTECTION<br>LLC<br>and<br>DOES' (1-5) and ABC<br>CORPORATIONS' (1-5); each acting<br>individually, in concert or as a<br>group.<br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY<br>**LAW DIVISION**<br>DOCKET NO.: BER-L- 3482 -15<br>Civil Action<br>**COMPLAINT FOR STRICT LIABILITY**<br>**STATUTORY DAMAGES; TCPA**<br>**TREBLED DAMAGES: STATE LAW**<br>**TREBLED DAMAGES and**<br>**PERMANENT INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1.  Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood, New Jersey, by way of Complaint as against Defendants', says as follows:

2.  This suit is brought pursuant to applicable authorities; 47 U.S.C.§§227(b)(1)(A)(iii), (the Telephone Consumer Protection Act of 1991) (Hereinafter "The TCPA") and the New Jersey no-call-law, codified under N.J.S.A. §56:8-130(a), which prohibits the initiation of unsolicited

and prerecorded marketing calls made by telephone to a persons cell-phone. As set forth below, the Defendants initiated repeated calls to Plaintiff's cell-phone, thereby violating federal and state no-call laws.

## II. PARTIES

3.   Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648. Plaintiff maintains cell-phone number [201] 310-0851.

4.   Upon information and belief, Defendant Enterprise Financial Group Inc. (hereinafter "EFG" or "Defendant") is a corporation organized under the laws of the State of Nevada. EFG transacts or has transacted business in this State, either directly or through the use of agents and/ or the DOE Defendants.

5.   EFG lists its principal place of business as 122 W Carpenter Fwy, 6th Fl, Irving, TX 75039-2010 and may be served upon its registered agent, National Registered Agents, Inc. of NV, 311 S. Division St, Carson City, NV 89703.

6.   Defendant Greenlight Auto Protection LLC (hereinafter "Greenlight" or "defendant") is a telemarketing call-center organized under the laws of the State of Missouri. Greenlights Secretary of State lists an alleged registered

1    agent as; "Registered Agents Inc, 200 NE Missouri Rd. Suite

2    #298 Lee's Summit, MO 64086" but is believed to be a bogus

3    location as no certification for delivery notices have been

4    confirmed.

5

6    7.   Defendant Does' and ABC corporations' identities are

7    currently unknown to Plaintiff and such parties will be

8    identified as that information becomes available.

9    III. <u>JURISDICTION AND VENUE</u>

10   8.   The facts giving rise to this complaint have their

11   primary effect in the County of Bergen. This Court has

12   specific and general jurisdiction under authority of The New

13   Jersey No-Call-Law codified under the New Jersey Consumer

14   Fraud Act, <u>N.J.S.A.</u> §56:8-130(a), and the TCPA, 47 <u>U.S.C.</u>

15   §§227(b)(1)(A)(iii), where Defendants engaged in

16   substantial, continuous and systematic activities by

17   repeatedly initiating unwanted prerecorded messages through

18   autodialed calls to Plaintiffs cell-phone, in New Jersey,

19   within this County, and the controlling jurisdiction in

20   which the violations occurred.

21   9.   As further set out below, the defendant's and each of

22   them deliberately, willfully or knowingly directed their

23   activities towards Plaintiff, annoying his household by

24   purposely soliciting him by telephone for their products,

25

goods or services.

### IV. ACTS OF AGENTS

10. Whenever and wherever it is herein alleged that the Defendants, either individually, in concert with others or as a group, did any act defined, described or set-forth below, it is meant the Defendants performed, caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, assigns, successors, predecessors, affiliates, or 'other' agent[s] performed or participated in those acts on behalf of, for the benefit of, and/or under the authority of the Defendants and each of them.

### V. BACKGROUND

11. Plaintiff obtained Cell-phone number, [201] 310 0851 in 2003

12. Plaintiff's Cell-phone [201] 310 0851 has never been disclosed, provided, offered, listed or exposed to anyone outside his immediate family.

13. Plaintiff has/had no prior business relationship with the defendants nor has any existing or anticipated relationship with either or any of the defendants.[1]

14. Plaintiff never made any phone calls to either or any

---

[1] It should be noted; Plaintiff is currently in litigation with Defendant EFG on a telemarketing related matter with different circumstances. (See; DOCKET NO.: BER-L- 20337-14)

Zelma vs. Enterprise Financial Group, *et als*

4

of the defendants prior to their first call to plaintiffs cell-phone, March 13, 2015

15. Plaintiff never inquired about the defendant's products or services nor had any contact of any kind with any of the Defendants prior to their first telemarketing call.

16. Plaintiff had no knowledge, never sought, inquired, researched nor had any interest or need in the products or service alleged to be offered by the defendants.

17. Plaintiff could not identify the defendants until their name was exposed by defendant Greenlight during the telemarketing calls at issue.

VI. <u>FACTUAL ALLEGATIONS</u>

18. The Defendants product or service is an extended auto warranty contract.

19. The defendants' method to offer their product or service is through the use of prerecorded telemarketing calls and announcements made to unsuspecting recipients, including Plaintiff.

20. On the following dates and times, Plaintiffs cell phone rang, displaying the following numbers;

| 1201 492 9149 | 3-13-15 | 09:17 AM | Prerecorded Announcement then dropped |
| 1201 492 9149 | 3-13-15 | 09:35 AM | Prerecorded Announcement then dropped |
| 1201 492 9149 | 3-13-15 | 09:58 AM | Prerecorded Announcement - spoke with agent |
| 1201 492 9149 | 3-13-15 | 10:12 AM | Prerecorded Announcement - spoke with agent |
| 1201 492 9137 | 3-17-15 | 09:21 AM | Prerecorded Announcement then dropped |
| 1201 492 9137 | 3-17-15 | 09:29 PM | Prerecorded Announcement then dropped |

| | | | |
|---|---|---|---|
| 1201 492 9137 | 3-17-15 | 03:05 PM | Prerecorded Announcement - spoke with agent |
| 1201 492 9137 | 3-17-15 | 03:39 PM | Prerecorded Announcement - spoke with agent |

21. As defined below, each of the defendants eight (8) calls began with a prerecorded announcement which said;

> ". . . [Inaudible] . . . your vehicle warranty is about to expire. To hear your options about mechanical breakdown protection and to hear what it covers and costs to put your vehicle back under extended coverage, please press one now."

22. Once the message completed and Plaintiff pressed one, he was connected to a live agent who proceeded to further describe the levels of coverage for the vehicle extended warranty contract.

23. This process is commonly referred to as the 'qualifier', (The DOE defendants); unidentified entities the defendants pay commissions to and purposely hide, who initiate the unlawful calls and subsequently 'qualify' the unknowing recipient into meeting the need of their product or service.

24. Once the process is met, the qualifier 'hot-transfers' the unknowing recipient to another call-center, (Greenlight) who then prepares the paperwork which is then forwarded to Defendant (Enterprise).

25. During the live calls, the Greenlight agents flipped back and forth claiming to actually be Enterprise Financial Group while later in conversation, probably forgot who they worked for and claimed to be Greenlight.

26. Throughout this process, the unsuspecting recipient of the unlawful calls is led to believe the caller has his Motor Vehicle records and when questioned, the callers often claimed the records were obtained from the DMV, an auto dealership or manufacturer. Naturally, none of that is true.

27. Each of the foregoing phone numbers belong to the Defendants. When calling these numbers, the Defendants do answer. The purpose of this elaborate scheme is to hopefully isolate as many players as possible in the consortium from exposure to liability or potential liability.

28. During (live) conversations, Plaintiff asked each agent who the contract or warranty was with and was told "the administrator was Enterprise Financial Group."

29. On the dates set-forth above, the Defendants and each of them, did initiate the calls described herein and by doing so, violated the provisions of the TCPA and the New Jersey no-call-law, thus violating Plaintiffs federal and State protected privacy rights.

30. The Defendants and each of them, materially participated, approved, directed and stood to benefit from the calls they did initiate to Plaintiffs cell-phone.

31. At the time of the subject calls, Plaintiffs inquiry with the New Jersey Department of Law and Public Safety, Telemarketing Registration Division, found that neither of

the Defendants registered with the Telemarketing Registration Division with their intent to solicit into the State nor did they purchase a no-call list from the State as required under N.J.A.C. §13:45D-3.1, nor did they post the requisite Twenty Five Thousand Dollar ($25,000.00) bond.

## VII. THE VIOLATIVE CALLS

32. On March 13, 2015, the defendants began to initiate unlawful calls to plaintiff's cell phone, four times that day. Id.

33. Absent any business relationship with Plaintiff; absent express written consent from Plaintiff, knowing a similar case is presently being litigated in court, the defendants and each of them knowingly or willfully set forth in a deliberate attempt to solicit Plaintiff again, for an extended auto warranty contract by placing four (4) calls to his cell phone, March 13, 2015.

34. The defendants and each of them intensified their efforts and repeated their unlawful acts by making four (4) more calls to Plaintiffs cell-phone, March 17, 2015, attempting to solicit him again for an extended auto warranty contract.

35. It was during the March 17, 2015 call at 03:39 PM when Plaintiff spoke with the defendant Greenlights finance manager 'Jessie', who confirmed with Plaintiff that

Enterprise Financial Group was the administrator who hired "them" to make the calls for the warranty contract.

36. When asked, Jessie identified his company as Greenlight Auto Protection in Missouri adding that Joseph Walski was the owner.

37. During the March 13, 2015 calls where a live agent was on line, those agents also identified the call center as Greenlight Auto Protection making calls for Enterprise Financial Group but claimed they were prohibited from giving out the name of the call center owner.

38. As a direct and proximate result of the Defendant's actions, Plaintiff sustained damages as that term is defined under the TCPA, including but not limited to additional damages under NJSA §56:8-130(a) for the receipt of unlawful prerecorded telemarketing calls made to a cell-phone.

VIII. THIS COURT'S POWER TO GRANT RELIEF

39. 47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC or State Law that protects Plaintiff.

40. Plaintiff will suffer continual harassment and abuse to his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent

Injunctive Relief is not granted.

41. Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award as well as Permanent Injunctive Relief pursuant to the foregoing as against the Defendants and each of them.

42. Further, Plaintiff seeks relief afforded him under the provisions of the New Jersey no-call-law, Codified as N.J.S.A. §56:8-130(a) and the trebled damages awardable thereto under supplemental authority, N.J.S.A. §56:8-19.

### IX.  COUNT ONE
### PROHIBITED USE OF AN AUTOMATED DIALING &
### ANNOUNCEMENT DEVICE [A.D.A.D.] SOLICITING A CELL PHONE
### VIOLATION OF 47 U.S.C. §227(b)(1)(A)(iii)

43. Plaintiff hereby incorporates all of the allegations of paragraphs one through forty-two as if set forth in full at length.

44. The Defendants and each of them violated the provisions of 47 U.S.C. §227(b)(1)(A)(iii) with their prohibited use of an Automated Dialing and Announcement Device (ADAD) to deliver prerecorded marketing messages to a cell-phone.

45. Prior to the calls at issue, the Defendants did not have Plaintiffs prior express written consent as required by law to initiate prerecorded calls to his cell-phone. Id.

46. The Defendants and each of them, in active concert with the other, participated in a prohibited course of conduct, using an ADAD on March 13, 2015 and March 17, 2015 respectively, and used their ADAD to initiate EIGHT (8) prohibited prerecorded telemarketing calls to plaintiff's cell-phone.

47. Plaintiff believes and therefore avers the Defendants Auto-Dialed prerecorded messages were soliciting him to invest in or purchase the defendants' extended auto warranty services.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the eight (8) calls material to Count One for a total of Four Thousand Dollars $4,000.00.

## X. COUNT TWO
### Award for Statutory Trebled Damages For Willful or Knowing Violations of the TCPA, 47 U.S.C. §227(b)(3)(C)

48. Plaintiff hereby incorporates all of the allegations of paragraphs one through forty-seven as if set forth in full at length.

49. On the dates previously set forth, the Defendants and each of them used a carefully orchestrated scheme, which upon information and belief, involves the yet to be

identified "DOE" Defendants, in a cell-phone marketing campaign, of which the result was to violate the provisions of the TCPA.

50.  On the dates set forth herein, the defendants and each of them knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud, false pretense, false promise and misrepresentation in connection with the sale or marketing of their products or services by soliciting Plaintiffs cell-phone.

51.  The defendants knowing affirmative act had the potential to mislead or deceive Plaintiff when it was performed.

52.  On the dates set forth above, the defendants' willfully created a false pretense by implying they had Plaintiffs motor vehicle information, which they did not. Id

53.  On the dates set forth above, the defendants and each of them knowingly concealed the fact they had no information about Plaintiffs motor vehicle.

54.  On the dates set forth above, the Defendants and each of them knowingly or willfully initiated prerecorded marketing calls to Plaintiffs cell-phone with their intent to solicit him, using deception and false pretense, knowing they were calling a cell-phone but chose to call anyway.

55.   On the dates set forth above, the Defendants and each of them did knowingly or willfully initiate eight (8) prerecorded announcements to Plaintiff's cell-phone with their intent to solicit him, which they did, knowing their calls violated Federal and State laws. Id.

56.   The defendants foregoing acts or practices as set forth above were known, accepted and approved prior to implementation by each Defendant in their capacity as owner, principal, partner, director, contractor, agent or managing member for each of the other defendants in this consortium.

57.   The Communications Act of 1934, 47 U.S.C. §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement in that it defines willful conduct as; *"the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."*

58.   The defendants knew their intent to call plaintiff's cell-phone and solicit him would violate the TCPA as well as New Jersey's no-call law, but they chose to initiate their unlawful calls anyway.

59.   The Defendants knowingly or willfully violated 47 U.S.C.§227(b)(1)(A)(iii) which provides by statute, a strict liability damage award for each such violation and entitles

Plaintiff to treble damages, of $1,500.00, for each call and every violation under Count One.

60. Accordingly, the willful intent to violate the TCPA with direct knowledge of its prohibited acts makes each of the Defendants liable thereunder for treble the $500 statutory strict liability damage amount per violation as to Count One.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory trebled damages of $1500.00 for each of the eight (8) calls material to Count One for a total of Twelve Thousand Dollars ($12,000.00).

### XI. COUNT THREE
### ENGAGING IN PROHIBITED ACTIVITY BY
### TELEMARKETING A CELL-PHONE WITH PRERECORDED
### ANNOUNCEMENTS IN VIOLATION OF N.J.S.A. §56:8-130(a)

61. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through sixty above as if set-forth in full at length.

62. The Defendants' initiated eight (8) phone calls to Plaintiffs cell-phone, in a plan, program or campaign to solicit him for their extended auto warranty products.

63. New Jersey's no-call-law, codified at N.J.S.A. §56:8-130(a), defines in relevant part; *"No telemarketer shall make or cause to be made any telemarketing sales call to a*

*commercial mobile service device of any customer. . ."*
(Cell-phone).

64. The Defendants did initiate eight (8) prerecorded announcements to Plaintiff's cell-phone with the intent to encourage the purchase of the Defendant's auto warranty products and services.

65. As a result of the Defendants unlawful acts; their propensity to ignore both Federal and State no-call-laws and stop their continued use of an ADAD to solicit plaintiffs cell phone, Plaintiff is again forced to file suit against the defendants in an effort to stop this continued unlawful activity.

66. Therefore: Defined under supplemental authority of the New Jersey Consumer Fraud Act, codified at N.J.S.A. §56:8-19, the Act sets-forth the following;

> "§56:8-19 Action ... by injured person; recovery of damages, costs.
> Any person who suffers any ascertainable loss of moneys . . . as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action . . . therefore in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest.
> In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable . . ., filing fees and reasonable costs of suit."

67. By bringing suit, Plaintiff incurred the cost and expense of filing fees including that of process servers as

well as the cost of office material associated with this litigation.

68. Furthermore, Plaintiff suffered the cost associated with the loss of billable cell-phone minutes when responding to the defendant's unwanted, uninvited unlawful calls.

69. As a result therefrom, Plaintiff suffered an ascertainable loss of moneys, not only in lost cell minutes, but also in the process of preserving his privacy rights.

70. The Defendants actions are declared unlawful under the Telephone Consumer Protection Act, 47 USC §227, (TCPA) the act which is hereby supplemented. The defendant's calls are unlawful under the New Jersey no-call-law, codified at N.J.S.A. §56:8-130(a) to which Count Three reflects.

71. Therefore, in addition to any other appropriate legal or equitable relief, Plaintiff seeks an award of threefold the damages sustained by him, as a result of the Defendants use or employment of an act or practice declared unlawful under N.J.S.A. §56:8-130(a), by sending prerecorded telemarketing calls to Plaintiff's cell-phone, subsequently forcing Plaintiff to bring this action.

WHEREFORE, Plaintiff demands judgment against Defendants under supplemental authority, N.J.S.A. §56:8-19 as follows:

Zelma vs. Enterprise Financial Group, *et als*

In addition to any other appropriate legal or equitable relief, award Plaintiff the mandatory threefold damages for each of the unlawful calls material to Count Two, for a total of Thirty Six Thousand Dollars ($36,000.00).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a)   Award Plaintiff strict liability statutory damages of $500.00 for each of the EIGHT (8) calls made in violation of the regulations prescribed under 47 U.S.C. 227(b)(1)(A)(iii) material to Count One for a total of Four Thousand Dollars ($4000.00).

(b)   Award Plaintiff trebled damages under authority of 47 U.S.C. §227(b)(3)(C) and defined within the Communications Act of 1934, 47 U.S.C. §312(f)(1), administered by the FCC, for the EIGHT (8) prohibited telemarketing calls willfully or knowingly made in violation of 47 U.S.C. §§227(b)(1)(A)(iii), as addressed in Count One for a total of Twelve Thousand Dollars ($12,000.00).

(c)   Award Plaintiff damages pursuant to N.J.S.A. §56:8-130(a) and its supplementing authority, N.J.S.A. §56:8-19, where the court

shall in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by Plaintiff for a total of Thirty Six Thousand Dollars ($36,000.00).

(d)   Award Plaintiff Permanent Injunctive Relief pursuant to 47 U.S.C. §227(b)(3)(A)

(e)   In the alternative, award Plaintiff any Other Equitable Relief the Court deems justified to stop the prohibited telemarketing defined and described herein.

(f)   Award Plaintiff attorney fees if applicable.

(g)   Plaintiff reserves the right to supplement this prayer, in the event additional violations surface through continuing discovery.

(h)   Plaintiff waives any award in excess of $74,500.00, (Seventy Four Thousand Five Hundred Dollars), excluding costs and /or legal fees.

Respectfully submitted,

By: _____
RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: April 6, 2015

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated. No other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

By: _____
RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: April 6, 2015

### NOTICE TO ATTORNEY GENERAL
### FOR THE STATE OF NEW JERSEY

NOTICE IS HEREBY GIVEN to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A.* *§56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

_____
RICHARD M. ZELMA, *pro se*
PLAINTIFF
Norwood, NJ 07648

Dated: April 6, 2015

Zelma vs. Enterprise Financial Group, *et als*

19

SHAJI M. EAPEN, ESQ. – N.J. BAR ID #022602001
**MORGAN MELHUISH ABRUTYN**
651 W. Mt. Pleasant Avenue
Suite 200
Livingston, N.J. 07039
Tel:    (973) 994-2500
Fax:    (973) 994-3375
E-mail: SEapen@morganlawfirm.com
Counsel for Defendant, Greenlight Auto Protection, LLC
Our File No.: GMF 35-062 U EA/SME

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>            Plaintiff,<br><br>-vs-<br><br>ENTERPRISE FINANCIAL GROUP, INC., GREENLIGHT AUTO PROTECTION, LLC, DOES' (1-5) and ABC CORPORATIONS' (1-5), each acting individually, in concert or as a group, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-3482-15<br><br>**DEFENDANT GREENLIGHT AUTO PROTECTION, LLC'S NOTICE OF FILING NOTICE OF REMOVAL** |

Defendant Greenlight Auto Protection, LLC ("Greenlight"), through the undersigned counsel, hereby gives notice to the Bergen County Superior Court of New Jersey, Law Division, and all parties that on June 8, 2015, Greenlight filed the Notice of Removal attached hereto as **Exhibit A**, in the United States District Court for the District of New Jersey, Newark Vicinage. Pursuant to 28 U.S.C. § 1446(d), removal is effective upon the filing of the Notice of Removal in the United States District Court for the District of New Jersey, Newark Vicinage together with the filing

{01039644}

**EXHIBIT 2**

of this Notice of Filing Notice of Removal with this Court, and the parties are to proceed no further in this Court unless and until a claim is remanded.

Dated:        June 8, 2015

_____
SHAJI M. EAPEN

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)

I hereby certify that to my knowledge the matter in controversy is not the subject of any other pending or contemplated court action, nor is it the subject of any arbitration or administrative proceeding. I certify further that no other parties should be joined to the matter.

## CERTIFICATION OF COMPLIANCE WITH RULE 1:38-7(c)

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 4:25-4.

Dated:        June 8, 2015

_____
SHAJI M. EAPEN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RICHARD M. ZELMA,

Plaintiff,

-vs-

ENTERPRISE FINANCIAL GROUP, INC.,
GREENLIGHT AUTO PROTECTION, LLC,
DOES' (1-5) and ABC CORPORATIONS' (1-5), each acting individually, in concert or as a
group,

Defendants.

Civil Action No.:

*Document electronically filed.*

**CONSENT TO REMOVAL**

Defendant Enterprise Financial Group, Inc. ("Defendant" or "Enterprise"), by and through undersigned, pursuant to 28 U.S.C. §§ 1441 and 1446, and without waiving any defenses or affirmative defenses it may have to the claims asserted by Plaintiff in this action, consents to Defendant Greenlight Auto Protection, LLC's removal of this action from the Superior Court of New Jersey, Bergen County, Case No. BER-L-003482-15, to the United States District Court for the District of New Jersey, Newark Vicinage.

Dated: June 3, 2015

Michael R. McDonald, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Fax: (973) 596-0545
mmcdondald@gibbonslaw.com

*Attorneys for Defendant
Enterprise Financial Group, Inc.*

**EXHIBIT 3**